## Case No. 10,858.

### PAYSON v. COFFIN.

[4 Dill. 386; [1] 5 Cent. Law J. 220.]

Circuit Court, D. Kansas. 1877.

BANKRUPT ACT—STATUTE OF LIMITATIONS—JURISDICTION OF CIRCUIT COURT—AMOUNT.

1. The two-years limitation provision in the bankrupt act [14 Stat. 517], applies to suits by assignees to collect the debts and assets of the estate, as well as to suits relating to specific property.

[Cited in Walker v. Towner, Case No. 17,089; McCan v. Conery, 12 Fed. 318.]

2. Suits may be brought in the circuit courts of the United States, by assignees in bankruptcy, without reference to the amount or value in controversy.

Action by [James R.] Payson, assignee in bankruptcy of the Republic Insurance Company, of Chicago, to recover a second assessment or call from the defendant [W. G. Coffin] as a stockholder in the bankrupt company. Plea: that no cause of action hath accrued against the defendant within two years next before the commencement of this suit. Demurrer to plea.

[The first assessment in this case was levied by the court in Case No. 11,704. An action was brought on this first assessment against the defendant in Case No. 10,859.]

Mr. Howell, for plaintiff.

Mr. Wheat, for defendant.

---

## Case No. 10,859.

### PAYSON v. COFFIN.

[5 Dill. 473.] [1]

Circuit Court, D. Kansas. 1878.

BANKRUPT ACT—STATUTE OF LIMITATIONS—LIABILITY OF STOCKHOLDERS.

1. The two-years statute of limitations in the bankrupt act (Rev. St. § 5057) applies to an action by the assignee to enforce against stockholders the payment of their unpaid shares.

2. The statute, in such a case, begins to run from the date of the execution of the deed of assignment to the assignee, and not from the date of the assessment on the shares by the bankruptcy court.

The question to be decided is whether the action is barred by the section of the bankrupt act (Rev. St. § 5057) which provides that no suit at law or in equity shall, in any case, be maintainable by or against the assignee, etc., unless the same shall be brought within two years from the time the cause of action accrued for or against such assignee.

Shortly, the facts are these: June 29th, 1870, the defendant [W. G. Coffin] subscribed for $5,000, being fifty shares of the stock of the bankrupt company. On November 14th, 1872, a petition in bankruptcy was filed against the company. December 18th, 1872, the adjudication of bankruptcy having been made, the register duly assigned and conveyed all of the estate of the bankrupt [the Republic Life Insurance Company] to the assignee [James R. Payson], who is the plaintiff here. On February 4th, 1873, on the petition of the assignee, the bankruptcy court ordered an assessment of $60 on every share of unpaid stock. [Case No. 11,704.] Defendant was sued on this assessment, and on June 9th, 1874, judgment was rendered against him, which he paid. Afterwards, viz., October 17th, 1876, upon the petition of the assignee, the bankruptcy court made another assessment of $10 per share on every share of unpaid stock. On the 12th day of February, 1877, this action was brought to recover the assessment made October 17th, 1876.

The charter of the company provides "that the real and personal property of each individual stockholder shall be held liable for any and all losses and liabilities of the company to the amount of the stock subscribed or held by him and not actually paid in;" and that "in all cases of losses exceeding the means of the corporation, each stockholder shall be liable to the amount of unpaid stock held by him."

Plaintiff avers, in his complaint in this suit, that on the 9th of October, 1871 (the

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

date of the great Chicago fire), "the said company met with losses by fire by which the whole of the cash fund and all of the funds it possessed were exhausted, leaving the company without means of payment, except by assessment upon the capital stock and stockholders."

H. Scott Howell, for plaintiff.
Clough & Wheat, for defendant.

DILLON, Circuit Judge. The two-years limitation in the bankrupt act is applicable to actions like the present. Walker v. Towner [Case No. 17,089]; Scovill v. Shaw, —Cir. Ct. Dist. Mass., Oct., 1878, before Clifford and Lowell, JJ.,—[Id. 12,552]. The assessment upon which this action was brought was made nearly four years after the adjudication of bankruptcy and the execution of the deed of assignment. The only question is when the statute begins to run. The contention of the plaintiff is that it begins to run only from the time when the assessment of October 17th, 1876, was made. If so, the action is not barred. The contention of the defendant is that the statute commenced to run at least from the time when the deed of assignment was executed. If so, the action is barred. Extended consideration of this question is not necessary, since it has been decided, for reasons that are entirely satisfactory, in the case of Scovill v. Shaw, supra, that the stockholders were liable to the suit of the assignee under the assignment, at any time after it was executed, for the enforcement of their obligations as stockholders. The facts of that case presented the exact question we are called on here to decide, and it was elaborately argued by able counsel.

That was an action by the assignee in bankruptcy of a coal and mining corporation against a stockholder to enforce the payment of amounts alleged to remain unpaid on shares held by the defendant. On April 2d, 1874, the petition in bankruptcy was filed, and on April 29th, 1874, the plaintiff was appointed assignee, and received a deed of assignment. On June 10th, 1876, the bankruptcy court made an assessment, and shortly afterward the action was brought. It was held that the cause of action accrued to the assignee on receiving the deed of assignment, and, as more than two years had elapsed before the suit was commenced, the same was barred. The court held that the cause of action was the defendants' obligation to pay for their stock, and not the assessment by the order of the bankruptcy court. If bankruptcy had not taken place, creditors would have had a remedy; and such remedy is equally open to the assignee. Says Clifford, J., in giving his opinion: "Creditors, after the failure of the corporation, could have brought a bill in equity against the corporation, and joined the stockholders to enforce the payment; and it is equally clear that the assignee might have sued the moment the title to the estate of the bankrupt was duly conveyed to him as such assignee. Stockholders, under such circumstances, are debtors to the corporation; consequently, the claim against them passed to the assignee, as part of the property, estate, and credits of the bankrupt." Terry v. Anderson, 95 U. S. 636.

Judgment for the defendant.

[NOTE. Subsequently another action was brought against the defendant upon a second assessment. The case was heard upon demurrer to plea of statute of limitations. Case No. 10,858. For actions brought by the assignee against other defendants, see Payson v. Dietz, Id. 10,861; Payson v. Stoever, Id. 10,863; Payson v. Withers, Id. 10,864; Payson v. Hadduck, Id. 10,862.]